UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FARM BUREAU GENERAL**
**INSURANCE CO. OF MICHIGAN,**

    **Plaintiff,**                              Case No. 2:20-cv-02523
                                                   JUDGE EDMUND A. SARGUS, JR.
    v.                                     Magistrate Judge Kimberly A. Jolson

**SCHNEIDER NATIONAL CARRIERS**
**INC. et al.,**

    **Defendants.**

    **and**

**GREGORY P. CASSELS et al.,**

    **Plaintiffs,**                           Case No. 2:21-cv-00191
                                                   JUDGE EDMUND A. SARGUS, JR.
    v.                                     Magistrate Judge Chelsea M. Vascura

**SCHNEIDER NATIONAL CARRIERS**
**INC. et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Glen A. Koons's unopposed Motions to Consolidate *Farm Bureau General Ins. Co. of Michigan v. Schneider Nat'l Carriers, Inc.*, 2:20-cv-2523, and *Cassels et al. v. Schneider Nat'l Carriers, Inc.*, 2:21-cv-191. For the following reasons, Defendant Glen A. Koon's motions (ECF No. 29, 2:20-cv-2523; ECF No. 19, 2:21-cv-191) are **GRANTED**.

I.

Defendant Glen A. Koons moves to consolidate two related cases. *Farm Bureau General Ins. Co. of Michigan v. Schneider Nat'l Carriers, Inc.*, 2:20-cv-2523 ("*Schneider I*"), was filed on

May 18, 2020. *Cassels et al. v. Schneider Nat'l Carriers, Inc.*, 2:21-cv-191, ("*Schneider II*"), was filed on January 1, 2021. *Schneider II* Plaintiffs filed an Amended Complaint on September 6, 2021 removing Farm Bureau General Insurance Company of Michigan ("Farm Bureau") as a defendant. (*Schneider II* Am. Compl., ECF No. 33.)

On August 31, 2020, *Schneider I* Defendants Rodney Karl and Schneider National Carriers, Inc. ("Schneider") filed a Motion to Dismiss Plaintiff's Complaint. (*Schneider I* ECF No. 10.) The Court granted in part and denied in part Defendants' Motion to Dismiss. (*Schneider I* ECF No. 28.) Specifically, the Court dismissed Plaintiff's negligent training and supervision claim but found Plaintiff alleged a plausible subrogation claim. (*Id.* at 4.) On September 20, 2021, *Schneider II* Defendants filed a Motion to Dismiss Part of Plaintiff's Amended Complaint. (*Schneider II* ECF No. 34.) The Court has not ruled on that motion.

Both cases stem from an automobile accident on May 21, 2018, in Morrow County, Ohio. The accident involved Schneider, Rodney Karl, Glen Koons, and Gregory Cassels. Later, Farm Bureau Insurance Company and Cassels disputed whether Farm Bureau was entitled to reimbursement for its payments from any recovery the Cassels received before Mr. Cassels was fully compensated for his bodily injuries. In *Schneider I*, Farm Bureau alleges subrogation claims against Schneider, Karl, and Koons for their alleged negligence to recover the amount it paid for its insured, Mr. Cassels's medical treatments. In *Schneider II*, Cassels sues Schneider, Karl and Koons for negligence and related claims. (*See Schneider I* Compl., ECF No. 1.; *Schneider II* Am. Compl., ECF No. 33.)

Magistrate Judge Jolson and the undersigned preside over both cases. Defendant Glen A. Koons has moved to consolidate *Schneider I* and *Schneider II* "for purposes of pretrial, trial, and/or arbitration." (Mot. to Consolidate at 1.) *Schneider I* Plaintiff did not respond to the Motion to

2

Consolidate and *Schneider II* Plaintiffs responded to the Motion indicating that they "do not oppose consolidation, and believe that consolidation would be proper." (Schneider II Response, ECF No. 32.)

**II.**

Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). District courts maintain considerable discretion in determining whether to consolidate cases. *Cantrell v. GAF Corp.*, 99 F.2d 1007, 1011 (6th Cir. 1993); *Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992). "The underlying objective [of consolidation] is to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey*, 962 F.2d at 1180 (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 2381 (1971)).

Whether cases present a common question of law or fact is merely a threshold requirement. *See Roxane Labs., Inc. v. Abbott Labs.*, Nos. 2:12-cv-312, 2:13-cv-645, 2:13-cv-708, 2013 WL 5217571, at *3 (S.D. Ohio Sept. 16, 2013). A court must also consider:

> "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Cantrell*, 999 F.2d at 1011 (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). "[T]he decision to consolidate is one that must be made thoughtfully, with specific reference to the factors identified above. Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." *Id.* If consolidation conserves minimal judicial resources, "the risk of prejudice to a party must be viewed with even greater scrutiny." *Id.* Therefore, the Court must "balance the value of time and effort saved by consolidation against the

3

inconvenience, delay, or expense increased by it." *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc., et al.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995).

### III.

**A.  Common Questions of Law or Fact**

*Schneider I* and *Schneider II* share common questions of law and fact.  Both cases stem from the same automobile accident that caused serious bodily injuries to Mr. Cassels. (*See Schneider I* Compl. at ¶ 8; *Schneider II* Am. Compl. at ¶¶ 9–11.)

As to common questions of law, both plaintiffs sue the defendants for negligence concerning the automobile accident. (*Schneider I* Compl. at ¶ 16; *Schneider II* Am. Compl. at ¶¶ 11, 17, 26).  Mrs. Olga Cassels also sues defendants for loss of consortium. (*See Schneider II* Am. Compl. at ¶¶ 27–28.)  But the fact that *Schneider II* Plaintiffs bring claims not asserted by *Schneider I* Plaintiff does not bar consolidation.  *See Borden v. College*, Nos. 1:16-cv-519, 1:16-cv-520, 2016 WL 5791649, at *1 (S.D. Ohio Oct. 4, 2016) ("It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request." *Safety Today, Inc. v. Roy*, Nos. 2:12-cv-510, 2:12-cv-929, 2013 WL 1282384, at *1 (S.D. Ohio Mar. 27, 2013) (internal quotes omitted)).

**B.  Balancing the Costs and Benefits of Consolidation**

In this case, consolidation poses little risk of prejudice or confusion.  The defendant parties are the same in both cases. Consolidation would save time, expense, and judicial resources, as the cases share many common questions of fact and law. (Mot. to Consolidate at 3.) The Court set a discovery schedule for *Schneider I* but not *Schneider II*, so consolidation would not disturb the Court's discovery or trial schedule. (*See Schneider I* ECF No. 20.) As such, the balance of costs and benefits weigh in favor of consolidation.

**IV.**

For the reasons stated above, Defendant Glen A. Koons's Motions to Consolidate (*Schneider I* ECF No. 29, *Schneider II* ECF No. 19) are **GRANTED** and *Schneider I* and *Schneider II* are now **CONSOLIDATED** for discovery, trial, and all other purposes.

**IT IS SO ORDERED.**

**10/18/2021**                               **s/Edmund A. Sargus, Jr.**
**DATE**                                       **EDMUND A. SARGUS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**